## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHAD KENYATTA LEIGH,

        Plaintiff,

        v.

CT Corporation System, *et al.*,

        Defendant.

Case No. 25-1247-TC-BGS

### SHOW CAUSE ORDER REGARDING *PRO SE* COMPLAINT

Plaintiff Chad Kenyatta Leigh filed this action *pro se*, ostensibly alleging employment discrimination on the basis of gender under Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and on the basis of his age pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* (Doc. 1.) In conjunction therewith, Plaintiff filed a motion to proceed without prepayment of fees (*IFP* motion, Doc. 3, sealed) with supporting financial affidavit (Doc. 3-1, sealed), which the Court granted by separate Order.

After review of Plaintiff's Complaint, however, the Court has identified certain concerns, discussed below. The Court thus issues this Order directing Plaintiff to file an amended Complaint or show cause in writing to the Court as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims against Defendant CT Corporation System and the individual Defendants be dismissed for failure to state a claim upon which relief may be granted and/or for failure to exhaust his administrative remedies.

### ANALYSIS

### I.    Standard of Review for IFP Complaints

When a Plaintiff proceeds IFP, as herein, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an in forma pauperis case "at any time if the court

determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981)).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so they may provide an appropriate answer. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x. 510, 515 (10th Cir. 2002) (citation omitted). This requires that a complaint contain three minimal pieces of information:  (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (3) the relief requested.  Fed. R. Civ. P. 8(a).

Because the Court will liberally construe the pleadings of a *pro se* plaintiff, the Court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail … despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The Court cannot, however, become an advocate for the *pro se* plaintiff. *Id.*

A *pro se* Plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proven)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A *pro se* plaintiff's pleading conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's Complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the court is compelled to recommend that the action be dismissed.

## II.    Deficiencies in Plaintiff's Claims and Factual Allegations.

A review of Plaintiff's Complaint in the context of the above legal standards makes the

Court question whether Plaintiff has failed to exhaust his administrative remedies and/or has sufficiently plead a viable federal court cause of action. The Court will address each of these issues in turn.

**A.      Identification of Defendant Employer.**

The Court's primary concern with Plaintiff's *pro se* Complaint is the discrepancy between the Defendants identified in the various case captions of Plaintiff's case filings. Plaintiff's *pro se* Complaint (Doc. 1) lists "CT Corporation System" as the corporate Defendant while his IFP motion (Doc. 3, sealed) and financial affidavit (Doc. 3-1, sealed) both list "ABM Amazon" as the Defendant.[1] Because the Complaint is the operative pleading in this case, the Court Clerk considered the Defendant identified therein, CT Corporation System, to be the Defendant and the case was docketed accordingly.

That stated, the EEOC charge of discrimination filed by Plaintiff names "ABM Amazon" or "ABM Industry Groups LLC" as his former employer. (*See* Doc. 1-1.) The EEOC charge also suggests that the two individuals Plaintiff is trying to sue in his Complaint (*see* footnote 1) worked for ABM Amazon. (Doc. 1-1, at 3.) There is nothing before the Court to suggest that Plaintiff filed a charge of discrimination against the named Defendant "CT Corporation System" or that this entity was actually Plaintiff's employer.

Title VII provides, in pertinent part, that it is "an unlawful employment practice for an **employer** – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a) (emphasis added). An "employer" is defined by Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of

---

[1] Both filings also list individual Defendants identified as "Lynette (Boss)" and "Tradeja (lead)" or "Tradaje (lead)."

4

twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person" while an "employee" is generally defined as "an individual employed by an employer … ." 42 U.S.C. § 2000e(b), (f).

Based on the Court's independent research, CT Corporation Systems appears to be registered agent service company located at 112 SW 7th St, Topeka, Kansas.  The company's website is https://www.wolterskluwer.com/en/solutions/ct-corporation, which states that "[w]ith over 125 years of experience, CT Corporation is the industry leader in Kansas Registered Agent services." The Court surmises that rather than being Plaintiff's former employer, this company is merely the registered agent for Plaintiff's former employer.  Thus, the Court questions whether Plaintiff has stated a viable cause of action under Title VII against CT Corporation System as his employer and/or whether he was, in fact, an employee of that entity pursuant to Title VII.  This discrepancy must be addressed by Plaintiff through the filing of an Amended Complaint or a written response to this Show Cause Order.

### B.      Lack of EEOC Right-to-Sue Letter.

Additionally, while Plaintiff indicates he has received a Notice of Right-to-Sue letter from the EEOC (*see* Doc. 1, at 2), he has failed to attach a copy of the letter as instructed in the form Complaint.  Although Plaintiff has attached EEOC case documents to his Complaint, these case documents do not include the requisite Right-to-Sue letter.  (*See generally* Doc. 1-1.)

It is well-established in this District that prior to filing a federal court employment discrimination lawsuit, a plaintiff must exhaust his or her administrative remedies by presenting the claims to the U.S. Equal Employment Opportunity Commission or the Kansas Human Rights Commission and receiving a right-to-sue letter based on that charge.  *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181, 1185 (10th Cir. 2018).  Even so, the exhaustion of administrative remedies as a "jurisdictional prerequisite to suit is no longer correct."  *Id.*; *see also Hickey v. Brennan*, 969 F.3d 1113,

1118 (10th Cir. 2020).

In other words, a plaintiff's failure to exhaust administrative remedies is no longer fatal to bringing an employment discrimination lawsuit in federal court. Rather, this failure "merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Id.* In other words, although it appears that Plaintiff may not have received a right-to-sue letter from the EEOC, the District Court still has jurisdiction over Plaintiff's claims – *but* his claims could be dismissed as futile once Defendants raise the defense, in a motion to dismiss, that Plaintiff failed to exhaust his administrative remedies. *See Espinoza v. Norma*, No. 23-1256-JWB-BGS, 2023 WL 8376278, at *3 (D. Kan. Dec. 4, 2023) and *Ayesh v. Butler Co. Sheriff's Office*, No. 19-1183-EFM-KGG, 2019 WL 6700337, at *2 (D. Kan. Dec. 9, 2019). Plaintiff is, therefore, instructed to attach the right-to-sue letter he received from the EEOC to his Amended Complaint or written response to the is Show Cause Order.

### C.    Liability of Individual Defendants.

Another concern for the Court is that individual supervisors/managers generally are not liable under Title VII and/or the ADEA. The Tenth Circuit follows the "majority view" that "taken as a whole, the language and structure of amended Title VII continue to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). *See also Benton v. Town of South Fork*, 587 Fed.Appx. 447, 452 (10th Cir. 2014) (holding that ADEA claims may only be asserted against the employer, not employees of the employer); *Butler v. Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999) (holding that individual supervisors cannot be held individually liable under the Americans with Disabilities Act, partially relying on cases interpreting the definition of "employer" in the ADEA). In other words, "personal capacity suits against individual supervisors are inappropriate" under Title VII, *Haynes* 88 F.3d at 901, or the ADEA. The Court, therefore, questions whether

Plaintiff is has stated viable causes of action against the individual Defendants he names in his Complaint.

### D.    Failure to Specify Age and/or Gender.

Finally, the Court notes that although Plaintiff has checked the "gender" and "age" boxes on his form Complaint, he does not specifically indicate his personal gender or age.  In the Tenth Circuit, a plaintiff's failure to indicate his or her age in a complaint alleging age discrimination is a basis for dismissal for failure to state a valid claim.  *See Benton*, 587 Fed. Appx. at 452.  Similarly, courts in the Tenth Circuit have found that in cases where the complaint fails to specify the gender of plaintiffs or those who took the allegedly adverse employment action, the complaint "contains insufficient allegations from which a reasonable finder of fact could find – or infer – plausibly that "but for" the Plaintiffs' gender, the … Defendants would have continued employing them." *Keenan-Coniglio v. Cumbres & Toltec Scenic Operating Comm'n*, 769 F. Supp. 3d 1216, (D. N.M. 2025).  These issues must be addressed by Plaintiff in any Amended Complaint or written response to this Show Cause Order.

### <u>CONCLUSION</u>

Simply stated, dismissal of a complaint is appropriate where a *pro se p*laintiff cannot prevail on the facts he has alleged.  *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  Although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Plaintiff must set forth sufficient factual allegations to establish his cause(s) of action.  Here, he has failed to do so.

Given the above discrepancies regarding the Defendant employer, the claims against individual employees, and the lack of age/gender clarification in Plaintiff's Complaint, the Court has significant concerns that Plaintiff has failed to allege sufficient facts to support his potential claims

against Defendants.  He has also potentially failed to exhaust his administrative remedies in the event he intends to proceed against CT Corporation System as his former employer.  The Court therefore orders Plaintiff to show cause in writing as to why the Court should not recommend dismissal this action to the District Court or Plaintiff may file an amended Complaint addressing these deficiencies.

**IT IS THEREFORE ORDERED** that Plaintiff must **show good cause in writing to the Court cause within thirty (30) days of receipt of this Order** as to why this action should not be dismissed (for failure to state a claim upon which relief may be granted and/or failure to exhaust administrative remedies) **or he is to file an Amended Complaint** addressing these deficiencies.

**IT IS SO RECOMMENDED.**

Dated November 13, 2025, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge