**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHAD K. LEIGH,

      Plaintiff,

      v.                                                                 Case No. 25-1247-TC-BGS

ABM AMAZON,

      Defendants.

**ORDER TO SHOW CAUSE**

Chad Kenyatta Leigh filed this employment discrimination action action *pro se*.[1]  (Doc. 1.) As discussed herein, the Court finds that Plaintiff must show cause in writing on or before **May 1, 2026**, why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for his failure prosecute this case.

### I. Factual Background.

In his original Complaint, Plaintiff ostensibly alleged employment discrimination on the basis of gender under Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., and on the basis of his age pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. (*See generally* Doc. 1.)

In conjunction with his original federal court complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP," Doc. 3), which was granted by the undersigned Magistrate Judge (Doc. 6).  The Court instructed the Clerk's office not to proceed to issue summons in this case absent further

---

[1] Plaintiff proceeds *pro se*.  The Court construes his filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the *pro se* litigant.  *Hall*, 935 F.2d at 1110.

1

Order from the Court given concerns with Plaintiff's Complaint.  (*Id.*)  Because Plaintiff was proceeding IFP, the Court screened the Complaint under 28 U.S.C. § 1915(e)(2), as discussed *infra*.

After review of Plaintiff's Complaint, however, the undersigned entered an Order to Show Cause on November 13, 2025, requiring Plaintiff to either show good cause in writing as to why this action should not be dismissed (for failure to state a claim upon which relief may be granted and/or failure to exhaust administrative remedies) or file an Amended Complaint addressing the deficiencies noted by the Court.  (*See generally* Doc. 7.)  The Show Cause Order indicated the Court's primary concern with Plaintiff's original *pro se* Complaint was the discrepancy between the Defendant employer identified in the various case captions of Plaintiff's case filings.  Plaintiff initially listed "CT Corporation System" as the corporate Defendant while his IFP motion (Doc. 3, sealed) and financial affidavit (Doc. 3-1, sealed) both list "ABM Amazon" as the Defendant.  (Doc. 7, at 4.)  The Court surmised that CT Corporation System was not Plaintiff's actual employer, but instead was the registered agent for Plaintiff's former employer ABM Amazon. (*Id.*, at 5.)

Plaintiff timely filed an Amended Complaint on December 9, 2025.  (Doc. 9.)  Upon review of the same, the undersigned found that amended pleading did not appear to correct the deficiency noted by the Court regarding naming "CT Corporation System" as the Corporate Defendant even though all factual allegations related and referred to ABM Amazon and/or its agents or employees. (See *id.*; *see also* Doc. 9-1, Doc. 10, at 3.)  The undersigned entered an Order directing Plaintiff to file an Amended Complaint as a final opportunity to fix this deficiency.  (Doc. 10, at 3.)

In accordance with this Order, Plaintiff filed an additional Amended Complaint on January 13, 2026.  (Doc. 11, hereinafter "the operative pleading.")  Similarly to the original Complaint, the operative pleading attempts to allege employment discrimination on the basis of gender under Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and on the basis of his age pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. (*See*

*generally* Doc. 11.)  Plaintiff continues to bring these claims against his former employer, Defendant

ABM Amazon.  Following a report and recommendation of dismissal (Doc. 20), the claims against

the two employees of ABM Amazon identified as Defendants Lynette (lnu) and Tradeja (lnu) have,

however, been dismissed by the District Court (Doc. 24).[2]

Upon review of the operative pleading and exhibits thereto, the undersigned directed the

Clerk to issue summons to the US Marshal or Deputy Marshal pursuant to Fed. R. Civ. P. 4(c)(3) as

to his former employer, Defendant ABM Amazon.  (Doc. 12, text Order dated 1/14/26.)  The

summons to ABM Amazon was returned executed on January 23, 2026, making its answer due

February 13, 2026.  (Doc. 15.)  No answer has been filed by ABM Amazon and no attorney has

entered an appearance on its behalf.

Plaintiff has not, however, made any attempt to further prosecute his case against his former

employer since the summons was returned executed, which was mailed to Plaintiff on January 30,

2025.  (Doc. 15.)  While Plaintiff has made one additional filing in this case since that time, that was

a motion that prematurely requested discovery regarding the individual Defendants who have been

dismissed.  (Doc. 21.)

## II.  Legal Analysis.

Fed. R. Civ. P. 41(b) provides that a court may involuntarily dismiss an action if "the

plaintiff fails to prosecute or to comply with these rules or a court order[.]"  *Olsen v. Mapes*, 333 F.3d

1199, 1204 (10th Cir. 2003); *see also Friederich v. Wachter, Inc.*, No. 24-2462-TC-ADM, 2025 WL

1489129, at *2 (D. Kan. May 23, 2025).  Although the specific language of Rule 41(b) states that the

defendant is file a motion to dismiss, "the Rule has long been interpreted to permit courts to dismiss

---

[2] In adopting the report and recommendation of the undersigned, the District Court noted that Plaintiff did not file a timely objection to the recommendation.  (Doc. 24, at 2.)  The District Court also found that there was "no clear error" when the undersigned found that the operative pleading did not contain a short and plain statement showing that Plaintiff is entitled to relief against the individual Defendants in their individual capacities under Title VII or the ADEA. (*Id.* (citing Doc. 20, at 7).)

actions *sua sponte* for a plaintiff's failure to prosecute … ." *Id.*, n.3 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). The court retains discretion to determine whether to dismiss an action with or without prejudice under Rule 41(b); however, the Tenth Circuit cautions that dismissal with prejudice is a drastic sanction that the court should use sparingly. *Hubbel v. Global Music Distrib. LLC*, No. 24-2025-TC-BGS, 2024 WL 4215623, at *2 (D. Kan. Aug. 20, 2024) (citing *Davis v. Miller*, 571 F.3d 1058, 1060-61 (10th Cir. 2009)).

> When considering dismissal as a sanction, the court applies the following factors:
>
>> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal is proper when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on its merits. *Id.* In this instance, these factors weigh in favor of dismissal.

As to the first factor, the degree of actual prejudice to Defendant is minimal because it has not participated in this action. That stated, Plaintiff's delay in prosecuting this case has interfered with the judicial process. This case was filed on November 3, 2025. (Doc. 1.) As discussed above, Plaintiff originally misidentified his correct employer and instead tried to sue his employer's registered agent, CT Corporation System. That mistake was ultimately resolved when Plaintiff named ABM Amazon as the Defendant in this case. (Doc. 11.)

Plaintiff, however, took no action when Defendant ABM Amazon filed to timely answer or enter an appearance in this case. More than 45 days have passed since Defendant ABM Amazon's answer was due. (*See* Doc. 15.) Courts in this District have found this to be a sufficient amount of time to justify recommending dismissal of a plaintiff's case. *See Hubbel*, 2024 WL 4215623, at *2

(recommending dismissal and noting more than 30 days had passed since the defendant's answer was due).

Simply stated, Plaintiff is responsible for prosecuting his case.  *See* Fed. R. Civ. P. 41.  He has failed to do so.  As such, the Court orders Plaintiff to show cause in writing on or before **May 1, 2026**, why the undersigned Magistrate Judge should not recommend dismissal, without prejudice, of his claims for failure prosecute his case.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 20256, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge
